1703225006500011

## IN THE COURT OF COMMON PLEAS OF JEFFERSON COUNTY, OHIO

WILLIAM C. MULLEN
9580 State Highway 43
Amsterdam, OH 43903

And

SONJA MULLEN
9580 State Highway 43
Amsterdam, OH 43903

*Plaintiffs*

-vs-

METROPOLITAN GROUP PROPERTY
AND CASUALTY INSURANCE
COMPANY
PO Box 350
Warwick, RI 02887

And

METROPOLITAN GROUP PROPERTY
AND CASUALTY INSURANCE
COMPANY
c/o Lori Walmsley
PO Box 6040
Scranton, PA 18505

*Defendant*

COMMON PLEAS
2017 MAR 17 P 2:16
JOHN A CORRIGAN
CLERK OF COURTS
JEFFERSON COUNTY, OH

CASE NO. 17 CV 107

JUDGE MICHELLE G. MILLER

Case Designation: Breach of Contract;
Declaratory Judgment; Money Judgment

**COMPLAINT**
(Jury Demand Endorsed Hereon)

## COUNT I

### BREACH OF POLICY 206 1566 230

1. Prior to January 21, 2015, the Defendant (as insurer) issued to the Plaintiffs (as insured and policy owner), an automobile liability insurance policy, to wit: Policy No. 2016 1566 230 (the "subject insurance policy" which is attached as Exhibit A), and said insurance policy was in full force and effect at all times on January 21, 2015.

2. Under the terms of the subject insurance policy, the Defendant was, and is, contractually obligated to provide to the Plaintiffs uninsured motorists coverage benefits and

EXHIBIT
B

underinsured motorists coverage benefits, with policy limits in the amount of $100,000.00 per person and $300,000.00 aggregate per accident

3. The subject insurance policy included a provision, entitled "Uninsured Motorists," in Endorsement AE460H0214, which provides insurance coverage to the Plaintiffs in the event they are struck by an uninsured or underinsured driver.

"Underinsured motor vehicle means a motor vehicle which has a bodily injury liability insurance policy or bond in effect at the time of the accident. The bodily injury liability limits of the insurance policy or bond are an amount equal to or greater than the minimum amount required by the State in which the covered auto is principally garaged. However, the bodily injury liability limits of the insurance policy or bond is either: (1) Less than the limit of liability for this coverage; or, (2) Reduced by payments to others injured in the accident to an amount which is less than the liability of this coverage."

4. On or about January 21, 2015, Plaintiffs were traveling in an approved vehicle on State Route 43 in Carroll County, Ohio, when Aimee Bertram was traveling in the opposite direction on State Route 43 and was left of center. Aimee Bertram's motor vehicle negligently and/or recklessly forced the Mullen vehicle off the roadway and negligently and recklessly caused the Mullen vehicle to lose control when the Bertram vehicle crashed head on into the oncoming Mullen vehicle

5. As a direct and proximate result of the above-referenced head on collision, Plaintiffs, William and Sonja Mullen, suffered "bodily injury" within the meaning of the subject insurance policy definitions.

6. The injuries to Plaintiffs were the direct and proximate result of the negligence and recklessness of the driver of the underinsured motor vehicle.

The underinsured driver negligently and recklessly operated the vehicle, in that, among other things, she:

   a. Failed to operate said vehicle with ordinary care, and failed to operate said vehicle with the care which would and should be exercised by an ordinarily prudent person under the same or similar circumstances; and,
   b. Failed to keep a proper lookout; and,
   c. Failed to maintain control of the vehicle; and,
   d. Negligently operated the vehicle left of center in the face of oncoming traffic, in violation of the traffic statutes of the State of Ohio

7. The underinsured driver of the motor vehicle was negligent *per se*, in that she operated said vehicle in a manner which violated specific safety statutes, including, but not limited to, R.C. 4511.12 (failure to obey traffic control devices), R.C. 4511.20 (willful, wanton and reckless operation), R.C. 4511.20.2 (failure to control), R.C. 4511.21 (excessive speed), R.C. 4511.25 (left of center without yielding right of way), R.C. 4511.26 (approaching in opposite direction), R.C. 4511.27 (overtaking and passing, without keeping a safe distance and, then, driving to the right side of the roadway without safe clearance of the overtaken vehicle), R.C. 4511.29 (driving left of center), R.C. 4511.30 (driving on the left side of the road), R.C. 4511.33 (marked lanes), R.C. 4511.34 (maintaining space between moving vehicles), and other applicable safety statutes.
8. Aimee Bertram was an underinsured/uninsured driver within the meaning of the subject insurance policy.
9. As a direct and proximate result of the negligence and recklessness of the uninsured motorist, Plaintiff, Sonja Mullen, sustained multiple injuries, ambulance expenses, hospital and other medical expenses, pain and suffering and emotional distress, for which all damages are covered by the applicable coverage provisions of the subject insurance policy.

    At the time of the collision, Plaintiff was properly wearing a seatbelt and harness.
10. As a direct and proximate result of the negligence and recklessness of the uninsured motorist, Plaintiff, William Mullen, sustained multiple injuries, ambulance expenses, hospital and other medical expenses, pain and suffering and emotional distress, for which all damages are covered by the applicable coverage provisions of the subject insurance policy

    At the time of the collision, Plaintiff was properly wearing a seatbelt and harness.
11. Under the terms and provisions of the subject insurance policy, the Defendant is, and was, effective January 21, 2015, obligated to pay to the Plaintiffs, up to the applicable limits of insurance, (1) Underinsured/Uninsured Motorist Benefits in the amount of $100,000/$300,000.
12. As a direct and proximate result of the wrongful conduct of the underinsured motorist, the Plaintiffs are entitled to bring, and recover upon, under Ohio Revised Code §2125.01 *et seq.*

13. All damages which would be recoverable as against the uninsured motorist in connection with the actions described above, are damages covered by the above-referenced provisions of the subject insurance policy, and, therefore, Plaintiffs are entitled to recovery of insurance proceeds as prayed for in this Complaint.

14. Plaintiff has made an underinsured motorist claim against the Defendant and has made demand for Defendant's payment of underinsured motorist coverage benefits, and Medical Payment Benefits; but, Defendant has failed to pay such benefits as required by the subject insurance policy.

15. R.C. 3937.18(A)(1) requires that the uninsured motorist coverage of the subject insurance policy:

    "... shall provide protection for bodily injury, sickness or disease, including death ... for the protection of insureds . who are legally entitled to recover from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, suffered by any person insured under the policy . "

16. R.C 3937.18(A)(2) requires that the underinsurance coverage under the terms of the subject insurance policy:

    "... shall provide protection for insureds thereunder for bodily injury, sickness or disease, including death suffered by any person insured under the policy, where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons *liable* . are less than the limits for the insured's uninsured motorist coverage. Underinsured motorist coverage is not and shall not be excess insurance to other applicable liability coverages, and shall be provided to afford the insured an amount of protection not greater than that which would be available under the insureds uninsured motorist coverage if the person or persons liable were uninsured at the time of the accident. The policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons *liable* to the insured." (Emphasis added)

17. Defendant has failed and refused to pay any of the benefits to which the Plaintiffs are entitled, and therefore, the Defendant has breached the contractual provisions of the subject insurance policy.

18. As a direct and proximate result of the Defendant's breach of contract, Plaintiffs are entitled to recover from the Defendant the amount of $100,000/$300,000 (representing

underinsured motorist coverage proceeds) and prejudgment interest at the maximum statutory rate running from January 21, 2015 through and including the date of payment.

## COUNT II
## DECLARATORY JUDGMENT

19. Plaintiffs reallege each and every allegation contained in the above paragraphs of this Complaint as if specifically rewritten herein.
20. Plaintiffs and Defendant are "persons" within the meaning of R.C. 2721.01 of the Ohio Revised Code.
21. This Court has jurisdiction and power to declare the rights of the parties, the status of the parties, the legal relationship of the parties, and other rights and obligations of the parties under authority of R.C. 2721.02 of the Ohio Revised Code.
22. Plaintiffs are entitled to a determination by this Court of the validity and/or construction and enforceability of an agreement of insurance, whereunder the Defendant is obligated to provide uninsured/underinsured motorist coverage, under the further and specific authority of R.C. 2721.03 of the Ohio Revised Code.
23. Plaintiffs are entitled to have each subject contract of insurance construed by Declaratory Judgment, by this Court, before or after a breach of contract, under authority of R.C. 2721.04 of the Ohio Revised Code.
24. This Court has the authority to determine any issues of fact necessary to a declaration of the rights and obligations and legal status of the parties, under authority of R.C. 2721.10 of the Ohio Revised Code
25. Plaintiffs and Defendant are proper parties to this action under R.C. 2721.12 of the Ohio Revised Code.
26. Defendant has failed to pay indemnification and uninsured/underinsured motorist benefits, as required by the terms of the subject insurance policies and as required by the statutory law and common law of the State of Ohio.
27. As the direct and proximate result of the Defendant's conduct, the Plaintiffs have been denied the benefits owing to them under the terms of the subject insurance policies, and the Plaintiffs have unnecessarily incurred, and will continue to incur, attorneys' fees and expenses of litigation.

28. Plaintiffs are entitled to attorneys' fees, litigation expenses and pre-judgment interest at the maximum legal rate, running from the date of injury through the date upon which the Defendant pays and discharges the judgment to be rendered in this case.

## COUNT III

29. Plaintiffs reallege each and every allegation contained in the above paragraphs of this Complaint, as if fully rewritten herein.

30. Defendant's failure and refusal to pay insurance benefits due to the Plaintiffs under the terms of the subject insurance policies constitutes the tort of bad faith, which entitles the Plaintiffs to compensatory damages and punitive damages in excess of the amount of benefits payable under the subject insurance policies.

31. Implied in the insurance contracts which are the subject of this case, there was a duty imposed upon the Defendant, its agents, employees and representatives, to act in good faith and deal fairly with the Plaintiffs and their representatives.

32. Defendant violated the implied covenant of good faith and fair dealing which was inherent in the subject insurance policies, by failing to pay or offer to pay any benefits

33. Defendant's delaying payment of uninsured/underinsured motorist benefits is unreasonable and in bad faith

34. Defendant's delaying and withholding of payment of uninsured/underinsured motorist benefits (which are not in dispute) is intentional and is accompanied by malice on the part of the Defendant, its agents, representatives and employees.

35. Defendant's delaying and withholding of uninsured/underinsured motorist benefits constitutes a conscious disregard of the rights of the Plaintiffs, without a legitimate purpose

36. Defendant has not diligently investigated Plaintiffs' claims, nor diligently taken steps to evaluate and pay Plaintiffs' claims in a timely manner.

37. There is no lawful basis for Defendant's failure and refusal to timely pay uninsured/underinsured motorist benefits to the Plaintiffs.

38. Defendant has acted with reckless indifference to the facts and evidence reasonably available to it which, upon due diligence on the part of the Defendant, would have shown that there is no lawful basis for Defendant's failure to timely pay uninsured/underinsured motorist benefits to the Plaintiffs

39. Instead of reasonably investigating, evaluating and paying Plaintiffs' claims, Defendant has required the Plaintiffs to file suit in order to collect benefits to which they are clearly entitled under the terms of the subject insurance policy.
40. As a direct and proximate result of the Defendant's conduct, Plaintiffs have suffered, and continue to suffer, inconvenience, mental anguish and loss of enjoyment of life, and Plaintiffs have incurred, and continue to incur out-of-pocket expenses, attorneys' fees and litigation expenses.

WHEREFORE, Plaintiffs pray for judgment upon Count I of the above Complaint, in favor of the Plaintiffs and against the Defendant awarding compensatory damages in the amount greater than Twenty-five Thousand Dollars ($25,000.00), plus pre-judgment interest at the maximum legal rate, and judgment for the costs of this action.

**FURTHER, WHEREFORE,** Plaintiffs demand Declaratory Judgment upon Count II, as follows:

Declaring that Defendant owes uninsured/underinsured motorist benefits to the Plaintiffs in the amount of the policy limits for uninsured/uninsured motorist coverage, and, declaring the specific amount owed under the terms of the insurance policy which is the subject of this case.

**FURTHER, WHEREFORE,** Plaintiffs demand judgment in favor of the Plaintiffs and against the Defendant upon Count III, in an amount which exceeds Twenty-five Thousand Dollars ($25,000.00), plus punitive damages in an amount which exceeds Twenty-five Thousand Dollars ($25,000.00), plus awarding reasonable attorneys fees and expenses of litigation and costs.

**FURTHER, WHEREFORE,** Plaintiffs pray for judgment in law and equity, as deemed appropriate by the Court.

Respectfully submitted,

BRUZZESE & CALABRIA, LLC

By: _____
JEFFREY J. BRUZZESE (#0078204)
PO Box 1506
100 N. Fourth Street, 10th Fl
Steubenville, OH 43952
Telephone (740) 282-5323

7

Fax: (740) 282-5328
**Attorney for Plaintiffs**

## JURY DEMAND

The Plaintiffs respectfully demand that the issues of the above cause be tried by a jury.

_____
JEFFREY J. BRUZZESE (#0078204)

## INSTRUCTIONS TO THE CLERK

TO THE CLERK:

Please serve each Defendant with a Summons and copy of the above Complaint, by United States Certified Mail, Return Receipt Requested, addressed to each Defendant at the address which appears in the caption of the above Complaint.

_____
JEFFREY J. BRUZZESE (#0078204)